IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN J. SHEA,**

    **Plaintiff,**

                        Civil Action 2:18-cv-00555
                        Judge James L. Graham
    v.                        Chief Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER FOR SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's December 19, 2018 Show Cause Order. (ECF No. 16.) For the following reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On June 7, 2018, the Court ordered the Commissioner to file and serve a certified copy of the administrative record within sixty days and Plaintiff to file his Statement of Errors within forty-five days after the administrative record was filed. (ECF No. 4.) On October 29, 2018, the Commissioner filed a certified copy of the administrative record. (ECF No. 14.) Thus, Plaintiff's Statement of Errors was due on December 13, 2018.

Because Plaintiff failed to timely file his Statement of Errors, on December 19, 2018, the Court ordered him to show cause within fourteen days why this case should not be dismissed with prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF

No. 16.)  In the Show Cause Order, the Court specifically cautioned Plaintiff that "failure to comply with [the Show Cause Order] will result in dismissal of his action with prejudice."  (*Id.*)  Before Plaintiff's December 27, 2018 deadline to respond, however, there was a lapse of congressional appropriations funding the federal government.  Subsequently, this case was stayed by operation of Second Amended General Order 18-02, which held in abeyance all civil matters involving the United States as a party due to the funding lapse.

On January 29, 2019, because the conditions necessitating Second Amended General Order 19-02 had abated, Chief United States District Judge Edmund A. Sargus, Jr. issued General Order 19-02, which lifted General Order 18-02 and the stay previously imposed.  In light of the foregoing, this Court extended the deadline for Plaintiff to file a Response to the Court's Order to Show Cause to February 11, 2019.  (ECF No. 17.)  To date, Plaintiff has not responded to the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that a "federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute[.]").  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

2

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

### III.

Here, the record demonstrates such delay. After Plaintiff failed to file his Statement of Errors, the Court ordered him to show cause why this case should not be dismissed with prejudice for want of prosecution. Furthermore, the Court extended the deadline for Plaintiff to file a response to the Show Cause Order when his deadline overlapped with the lapse of congressional appropriations. Plaintiff still failed to file a Response. The original Order and the extension provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to comply. Both also provided him with an opportunity to show cause why this case should not be dismissed with prejudice for want of prosecution. Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITH PREJUDICE** under Rule 41(b).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 19, 2019           /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  CHIEF UNITED STATES MAGISTRATE JUDGE